IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.,<br>501 School Street, S.W., Suite 700<br>Washington, DC  20024,<br><br>           Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF TREASURY<br>1500 Pennsylvania Avenue, N.W.<br>Washington, DC  20220<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF**

Plaintiff Judicial Watch, Inc. brings this action against United States Department of Treasury ("DOT") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 501 School Street, S.W., Suite 700, Washington, DC 20024. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its public interest

mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4.  Defendant is an agency of the United States Government and is headquartered at 1500 Pennsylvania Avenue, N.W., Washington, DC 20220. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.  On June 16, 2009, Plaintiff sent a FOIA request to DOT seeking access to:

> Any and all records pertaining to the September 18, 2008 meeting about financially troubled banks. (Participants of this meeting included Henry Paulson, Ben Bernanke, Charles Schumer, Nancy Pelosi, Chris Dodd, and Richard Shelby. The meeting indicated that the economy may be in a meltdown and legislation needed to be drafted quickly.) Records should include, but are not limited to, meeting notes, presentations, transcripts, agendas, correspondence, and supplemental material.

6.  Pursuant to 5 U.S.C. § 552 (a)(6)(A)(i), DOT was required to respond to Plaintiff's request within twenty (20) working days of receipt.

7.  By letter dated June 22, 2009, DOT acknowledged receiving Plaintiff's FOIA request and sought an additional processing extension of ten (10) days. A response, therefore, was due on July 31, 2009.

8.  As of November 12, 2009, DOT has failed to produce any records responsive to Plaintiff's request or demonstrate that responsive records are exempt from production. Nor has DOT indicated when or whether any responsive records will be produced.

9. Because DOT failed to comply with the time limits set forth in 5 U.S.C. § 552(a)(6)(A)(i), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

### COUNT 1
(Violation of FOIA)

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant has violated FOIA by failing to respond to Plaintiff's June 16, 2009 request.

12. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the requirements of FOIA.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare Defendant's failure to comply with FOIA to be unlawful; (2) order Defendant to search for and produce any and all non-exempt records responsive to Plaintiff's June 16, 2009 request and a *Vaughn* index of allegedly exempt records responsive to the request by a date certain; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: November 12, 2009                    Respectfully submitted,

                                            JUDICIAL WATCH, INC.

                                            _____
                                            David F. Rothstein
                                            D.C. Bar No. 450035
                                            Suite 700
                                            501 School Street, S.W.
                                            Washington, DC 20024
                                            (202) 646-5172

                                            *Attorneys for Plaintiff*