IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., | ) |
| Plaintiff, | ) Civil Action No. 09-2132 (RWR) |
| v. | ) |
| U.S. DEPARTMENT OF TREASURY | ) |
| Defendant. | ) |

**STIPULATION OF DISMISSAL WITH PREJUDICE**

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and a settlement agreement between the parties, Plaintiff Judicial Watch, Inc. and Defendant U.S. Department of Treasury hereby stipulate to the dismissal of this action with prejudice.

Dated: November 11, 2010

JUDICIAL WATCH, INC.

/s/ David F. Rothstein
D.C. Bar No. 450035
425 Third Street, S.W.
Suite 800
Washington, DC 20024
Tel:   (202) 646-5172
Fax:   (202) 646-5199

*Attorneys for Plaintiff*

Respectfully submitted,

TONY WEST
Assistant Attorney General

JOHN R. TYLER
Assistant Director
Civil Division, Federal Programs Branch

/s/ Thomas D. Zimpleman
THOMAS D. ZIMPLEMAN
IL Bar No. 6298040
Trial Attorney
Civil Division, Federal Programs Branch
United States Department of Justice
20 Massachusetts Avenue, NW
Washington, DC 20001
Phone: (202) 514-3346
Fax: (202) 616-8460
E-mail: thomas.d.zimpleman@usdoj.gov

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 09-2132 (RWR) |
| ) | |
| v. ) | |
| ) | |
| U.S. DEPARTMENT OF TREASURY ) | |
| ) | |
| Defendant. ) | |

**SETTLEMENT AGREEMENT AND RELEASE**

Plaintiff Judicial Watch, Inc. ("Plaintiff") and Defendant U.S. Department of Treasury ("Defendant"), by and through their undersigned counsel, hereby enter into this Settlement Agreement as follows:

1. Defendant shall pay Plaintiff the amount of two thousand, four hundred and fifty five U.S. dollars and twenty five cents ($2,455.25) in full and complete satisfaction of Plaintiff's claims for attorney's fees, costs, and litigation expenses under the Freedom of Information Act ("FOIA") in the above-captioned matter. This payment shall constitute full and final satisfaction of any and all of Plaintiff's claims for attorney's fees, costs, and litigation expenses in the above-captioned matter, and is inclusive of any interest. This payment shall be made within 60 days.

2. Upon execution of this Settlement Agreement, Plaintiff hereby releases and forever discharges Defendant and its successors, the United States of America, and any department, agency, or establishment of the United States, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment, from any and all past, present, or future claims for attorney's fees, costs, or litigation expenses in connection with the

above-captioned litigation.

3.   Upon the execution of this Settlement Agreement, Plaintiff hereby releases and forever discharges Defendant, and its successors, the United States of America, and any department, agency, or establishment of the United States, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment, from any and all claims and causes of action that Plaintiff asserts or could have asserted in this litigation, or which hereinafter could be asserted by reason of, or with respect to, or in connection with, or which arise out of, the FOIA request on which this action is based or any other matter alleged in the Complaint.

4.   Concurrent with the execution of this Settlement Agreement, Plaintiff's counsel shall seek the dismissal of this case with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) by filing a Stipulation of Dismissal With Prejudice.

5.   The parties acknowledge that this Settlement Agreement is entered solely for the purpose of settling and compromising any remaining claims in this action without further litigation, and it shall not be construed as evidence or as an admission regarding any issue of law or fact, or regarding the truth or validity of any allegation or claim raised in this action, or as evidence or as an admission by the Defendant regarding Plaintiff's entitlement to attorney's fees and other litigation costs under the FOIA.  This Settlement Agreement shall not be used in any manner to establish liability for fees, amounts, or hourly rates in any other case or proceeding.

6.   This Settlement Agreement may be executed in counterparts, and is effective on the date by which both parties have executed the Agreement.

//

//

//

    SO STIPULATED AND AGREED this 11th day of November 2010.

| JUDICIAL WATCH, INC. | TONY WEST |
|---|---|
| | Assistant Attorney General |
| | |
| | JOHN R. TYLER |
| /s/ David F. Rothstein | Assistant Director |
| David Rothstein | Civil Division, Federal Programs Branch |
| D.C. Bar No. 450035 | |
| 425 Third Street, S.W. | |
| Suite 800 | |
| Washington, DC 20024 | /s/ Thomas D. Zimpleman |
| Tel:  (202) 646-5172 | THOMAS D. ZIMPLEMAN |
| Fax:  (202) 646-5199 | IL Bar No. 6298040 |
| | Trial Attorney |
| *Attorneys for Plaintiff* | Civil Division, Federal Programs Branch |
| | United States Department of Justice |
| | 20 Massachusetts Avenue, NW |
| | Washington, DC 20001 |
| | Phone: (202) 514-3346 |
| | Fax: (202) 616-8460 |
| | E-mail: thomas.d.zimpleman@usdoj.gov |
| | |
| | *Attorneys for Defendant* |